MICHAEL ANTHONY HERNANDEZ
CA Bar No. 234579
Michael@DefenseAttorneySD.com
Michael Anthony Hernandez, APC
501 West Broadway, Suite 1360
San Diego, CA 92101
Telephone: 619.341.3149
*Attorney for Maria Mandujano Sanchez (admitted pro hac vice)*

JACQUELINE TIRINNANZI, ESQ.
NV Bar No. 13266
jackie@tirinnanzilaw.com
2370 Corporate Circle Drive, Suite 190
Henderson, Nevada 89074
Telephone: 702.912.3834
*Local Counsel and*
*Attorney for Maria Mandujano Sanchez*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARIA MANDUJANO SANCHEZ,<br><br>Defendant. | CASE NO. 2:21-cr-00328-GMN-DJA<br>2:21-cr-00226-GMN-NJK<br><br>**STIPULATION AND PROPOSED ORDER TO CONTINUE SENTENCING FOR CONSOLIDATED CASES** |

Maria Mandujano Sanchez, by and through counsel of record Michael Anthony

Hernandez and Jacqueline Tirinnanzi, and the United States of America, by and through

Assistant United States Attorney Allison Reese, hereby stipulate and request that the Court

vacate Ms. Mandujano Sanchez's sentencing hearing currently set for May 31, 2023, at 2:00

p.m. and continue it to a later date convenient to the Court, but no sooner than seven (7) days.

This stipulation is made and based upon the following:

1. The parties agree to the continuance.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2. On March 2, 2022, Ms. Mandujano Sanchez pleaded guilty to one count of Importation of a Controlled Substance (cocaine) in violation of 21 U.S.C. §§ 952 and 960. ECF No. 15. Sentencing in this case is currently scheduled for May 31, 2023 at 2:00 p.m.

3. On June 27, 2022, as the result of an unopposed motion (ECF No. 21), this Court issued an order granting the consolidation of the matter in Case No. 2:21-cr-00226-JCM-NJK into the instant case. Case No. 2:21-00226-JCM-NJK; ECF No. 68 and Case No. 2:21-cr-00328-GMN-DJA-1; ECF No. 22

4. On December 6, 2022 Ms. Mandujano Sanchez pleaded guilty to one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 in Case No. 2:21-cr-00226-GMN-NJK. ECF No. 89. Sentencing is also scheduled for May 9, 2023, at 9 a.m. ECF No. 95.

5. Defense counsel's ability to effectively and thoroughly explore all factors relevant to Ms. Mandujano Sanchez's mitigation and sentencing presentation requires a modest amount of additional time to prepare. Counsel are utilizing expert services in preparation for sentencing and the expert requires additional time for preparation of their report. As a curtesy, defense counsel is providing said report to the government so they can determine whether a counter expert report will be offered, also requiring additional time prior to sentencing.

6. Additionally, Mr. Hernandez, who is representing Ms. Mandujano pro hac vice on the importation portion of the case, has scheduling conflicts on the current date. He also resides out of state and travel to Las Vegas is challenging for him with the current sentencing date.

7. The additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim.

P. 32(b)(2), which states that, "the court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016).

8.  This is the fifth request for a continuance of the sentencing in Case No. 2:21-cr-00328-GMN-DJA and the third request for a continuance of sentencing in case No. 2:21-cr-00226-GMN-JCA. The additional time requested herein is not sought for purposes of delay. No further continuances are anticipated.

9.  Denial of this request for a continuance would deny counsel for Ms. Mandujano Sanchez sufficient time to effectively and thoroughly prepare for sentencing, taking into account due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

10.  Ms. Mandujano Sanchez is in custody and agrees to the proposed continuances.


Dated May 25, 2023.


/s/ Allison Reese_____          /s/ Michael Anthony Hernandez_____
ALLISON REESE, ESQ.                       MICHAEL ANTHONY HERNANDEZ, ESQ.
Assistant U.S. Attorney                   Counsel for Maria Mandujano Sanchez

/s/ Jacqueline Tirinnanzi_____
JACQUELINE TIRINNANZI, ESQ.
Counsel for Maria Mandujano Sanchez

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:21-cr-00328-GMN-DJA |
| Plaintiff, | 2:21-cr-00226-GMN-NJK |
| vs. | |
| MARIA MANDUJANO SANCHEZ, | **STIPULATION AND PROPOSED ORDER TO CONTINUE SENTENCING FOR CONSOLIDATED CASES** |
| Defendant. | |

**FINDINGS OF FACT**

1.  The parties agree to the continuance.

2.  On March 2, 2022, Ms. Mandujano Sanchez pleaded guilty to one count of Importation of a Controlled Substance (cocaine) in violation of 21 U.S.C. §§ 952 and 960. ECF No. 15. Sentencing in this case is currently scheduled for May 31, 2023 at 2 p.m.

3.  On June 27, 2022, as the result of an unopposed motion (ECF No. 21), this Court issued an order granting the consolidation of the matter in Case No. 2:21-cr-00226-JCM-NJK into the instant case. Case No. 2:21-00226-JCM-NJK; ECF No. 68 and Case No. 2:21-cr-00328-GMN-DJA-1; ECF No. 22

4.  On December 6, 2022 Ms. Mandujano Sanchez pleaded guilty to one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 in Case No. 2:21-cr-00226-GMN-NJK. ECF No. 89. Sentencing is also scheduled for May 9, 2023, at 9 a.m. ECF No. 95.

5.  Defense counsel's ability to effectively and thoroughly explore all factors relevant to Ms. Mandujano Sanchez's mitigation and sentencing presentation requires a modest

amount of additional time to prepare. Counsel are utilizing expert services in preparation for sentencing and the expert requires additional time for preparation of their report. As a curtesy, defense counsel is providing said report to the government so they can determine whether a counter expert report will be offered, also requiring additional time prior to sentencing.

6. Additionally, Mr. Hernandez, who is representing Ms. Mandujano pro hac vice on the importation portion of the case, has scheduling conflicts on the current date. He also resides out of state and travel to Las Vegas is challenging for him with the current sentencing date.

7. The additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim. P. 32(b)(2), which states that, "the court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016).

8. This is the fifth request for a continuance of the sentencing in Case No. 2:21-cr-00328-GMN-DJA and the third request for a continuance of sentencing in case No. 2:21-cr-00226-GMN-JCA. The additional time requested herein is not sought for purposes of delay. No further continuances are anticipated.

9.  Denial of this request for a continuance would deny counsel for Ms. Mandujano Sanchez sufficient time to effectively and thoroughly prepare for sentencing, taking into account due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

10.  Ms. Mandujano Sanchez is in custody and agrees to the proposed continuances.

**CONCLUSION OF LAW**

For all the above-stated reasons, the ends of justice are served by granting the requested continuance for the following reasons: Additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim. P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016). Failure to grant the continuance would deny parties sufficient time to meaningfully continue to prepare for sentencing, considering the exercise of due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

1
2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3
4

UNITED STATES OF AMERICA,

Plaintiff,

CASE NO. 2:21-cr-00328-GMN-DJA
          2:21-cr-00226-GMN-NJK

5
6

vs.

**ORDER**

7

MARIA MANDUJANO SANCHEZ,

8
9

Defendant.

10
11

Based upon the stipulation of the parties, and good cause appearing, it is hereby

12

ORDERED that Ms. Mandujano Sanchez's sentencing hearing set for May 31, 2023, hereby is,

13

VACATED.

14
15

IT IS FURTHER ORDERED that the sentencing hearing is reset for ___June 16_____,
2023, at
the hour of __10:00 AM____ in courtroom ____7D_____.

16
17
18
19

Dated this _25_ day of __May____ 2023.

20
21
22

_____
THE HONORABLE GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28