# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No.: 2:21-cr-328-GMN-DJA |
| vs. | ) |
| MARIA MANDUJANO SANCHEZ, | ) **ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |
| Defendant. | ) |

Pending before the Court is Defendant Maria Mandujano Sanchez's Motion for Sentence Reduction Based on Retroactive Criminal History Category of United States Sentencing Guideline Section 1B1.10. (ECF No. 57).  Specifically, Defendant argues a reduction is warranted under 18 U.S.C. § 3582 pursuant to a recent amendment to the Sentencing Guidelines, Amendment 821—the adjustment for certain zero-point offenders. (*See* Mot. Sentence Reduction at 1) (relying on U.S.S.G. § 4C.1.).  Pursuant to Amendment 821, certain defendants are eligible for a two-level reduction in their offense level. *See* U.S.S.G. § 4C.1 (codifying the criteria a defendant must meet to be eligible for a two-level reduction).

Under General Order 2023-09, the Federal Public Defender's Office was appointed to determine whether Defendant qualified for her requested relief and was required within 30 days of a *pro se* motion for relief under Amendment 821 to file a contested motion, a joint stipulation for a sentence reduction, or a notice of non-eligibility.  Here, the FPD's office filed a notice of non-eligibility, explaining that upon review of Defendant's "*pro se* filing" and "additional relevant documents" she "does not qualify for a sentence reduction." (Notice Non-

Eligibility 1:17–20, ECF No. 60).  The Court finds no reason to deviate from counsel's representations regarding her client.[1]

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 57), is **DENIED**.

**DATED** this __22__ day of January, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] Notably at Sentencing, the Court followed the parties stipulation that the Court should proactively apply the reduction she would have received under the zero-point offender provision had it been already in effect. Therefore , she already received the benefit she now seeks.  However, Defendant filed an identical motion for sentence reduction in her other criminal case before this court, (Mot. Sentence Reduction, ECF No. 144 in *United States v. Mandujano-Sanchez*, No. 2:21-cr-226-JCM-NJK), which was also denied. (Order Denying Mot. Sentence Reduction, ECF No. 158 in *United States v. Mandujano-Sanchez*, No. 2:21-cr-226-JCM-NJK).